United States District Court
Southern District of Texas

**ENTERED**

February 23, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACEY PROPERTY MANAGEMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-3943 |
| STARR SURPLUS LINES INSURANCE COMPANY, TIM FITZGERALD AND ALAN RUSCHER, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER OF REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 12, 2021, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. PG1701771's ("Underwriters") filed a Notice of Removal ("Notice of Removal") (Docket Entry No. 1). Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 3). For the reasons explained below, Plaintiff's Motion to Remand will be granted.

## I. **Background**

Plaintiff, Macey Property Management, LLC, initiated this action on December 15, 2020, by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") in the 127th Judicial District Court of Harris County, Texas, Cause No. 2020-80109, against one of its insurers, Starr Surplus Lines Insurance Company ("Starr"), and against Tim Fitzgerald ("Fitzgerald"), and Alan Ruscher ("Ruscher"), the adjusters assigned to one of Plaintiff's

property damage claims, asserting causes of action arising from the failure to pay insurance claims for damage caused by a tornado that struck commercial properties owned by Plaintiff in Dallas, Texas, on October 20, 2019.[1]  Plaintiff asserted claims against Starr for breach of contract, violation of the prompt payment provisions of Texas Insurance Code § 542.051, et seq., breach of the duty of good faith and fair dealing, and claims against Starr, Fitzgerald and Ruscher for unfair settlement practices in violation of § 541.151 of the Texas Insurance Code.[2]  Plaintiff's Original Petition alleged that "Starr is a foreign surplus lines insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit,"[3] and that Fitzgerald and Ruscher are Texas residents and adjusters licensed by the Texas Department of Insurance.[4]

On January 10, 2021, Starr's counsel sent Plaintiff's counsel a letter accepting liability for Fitzgerald and Ruscher pursuant to Texas Insurance Code § 542A.006(a).[5]

---

[1]Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 2.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id. at 20-27 ¶¶ 52-74.

[3]Id. at 2 ¶ 3.

[4]Id. at 3 ¶ 4 (Fitzgerald) and ¶ 5 (Ruscher).

[5]Exhibit A to Plaintiff's Motion to Remand, Docket Entry
(continued...)

On June 4, 2021, counsel for Plaintiff and Starr entered a negotiated Rule 11 agreement, which in pertinent part states that

> Plaintiff will effectuate the involuntary dismissal of both Tim Fitzgerald and Alan Ruscher from this lawsuit on or before July 1, 2021.  In exchange, Defendant agrees that it will not seek to remove this case from state to federal court or consent to the removal of this matter.[6]

On July 1, 2021, Plaintiff filed a Partial Notice of Non-Suit with Prejudice as to defendants Fitzgerald and Ruscher.[7]  On July 12, 2021, the state court judge signed an Order of Partial Non-Suit with Prejudice as to Certain Defendants, which stated that

> [h]aving considered Plaintiff Macey Property Management, LLC's Partial Notice of Non-Suit with Prejudice, the Court is of the opinion that it should be GRANTED.  It is therefore ORDERED that all claims and causes of action by Plaintiff against Defendants Tim Fitzgerald and Alan Ruscher in this action are hereby dismissed with prejudice, pursuant to Rule 162 of the Texas Rules of Civil Procedure and the June 4, 2021[,] Rule 11 between the parties.[8]

On July 7, 2021, Plaintiff filed Plaintiff's First Amended Petition against Starr, which added new defendants Chubb Custom Insurance Company ("Chubb"), General Security Indemnity Company of Arizona ("GISCA"), and Underwriters.[9]  Plaintiff's First Amended

---

[5](...continued)
No. 3-1.

[6]Exhibit B to Plaintiff's Motion to Remand, Docket Entry No. 3-2, p. 2 ¶ 5.

[7]Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 33.

[8]Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 3.

[9]Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 35.

-3-

Petition reasserts causes of action against Starr for breach of contract, unfair settlement practices in violation of §§ 541.060(a) and 541.151 of the Texas Insurance Code, violation of the prompt payment provisions of Texas Insurance Code § 542.051, et seq., and breach of the duty of good faith and fair dealing for failure to pay insurance claims arising from damage to commercial properties owned by Plaintiff when a tornado struck Dallas, Texas, on October 20, 2019.[10]   Plaintiff asserts causes of action against Starr and the newly named defendants for breach of contract and violation of the prompt payment provisions of Texas Insurance Code § 542.051, et seq. for failure to pay insurance claims for damage caused to commercial properties owned by Plaintiff in Houston, Texas, by Hurricane Harvey on August 27, 2017.[11]

On November 12, 2021, Plaintiff filed a Notice of Agreed Non-Suit with Prejudice as to Starr, which the state court signed on November 14, 2021.   The Notice of Non-Suit stated that

> [p]ursuant to Texas Rule of Civil Procedure 162, plaintiff . . . and defendant Starr . . . file this Notice of Agreed Non-Suit With Prejudice of Plaintiff's claims against Starr.   This notice disposes of all Plaintiff's causes of action against Starr only. Plaintiff's claims against defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1701771 are unaffected by this agreed notice.[12]

---

[10]Id. at 55-58 ¶¶ 57-69.

[11]Id. at 58-59 ¶¶ 70-74.

[12]Notice of Agreed Non-Suit with Prejudice as to Starr Surplus
(continued...)

-4-

On December 2, 2021, Underwriters removed Plaintiff's state court action to this court stating that

> 5.   Underwriters are the only remaining defendant in this action.
>
> 6.   Underwriters timely filed this notice of removal within the 30-day period prescribed by 28 U.S.C. § 1446(b).
>
> . . .
>
> 7.   Removal is proper based on diversity of citizenship under 28 U.S.C. § 1332(a).
>
> 8.   Plaintiff is a Texas citizen.
>
> 9.   Effective November 12, 2021, Underwriters are the sole defendants in this action.
>
> 10.  Underwriters are foreign insurers.   Lloyd's Syndicate 0318 MSP and Lloyd's Syndicate 1967 WRB are not, and were not at the time Plaintiff commenced this action against them, citizens of Texas.
>
> 11.  Because Plaintiff is a Texas citizen and Underwriters are not citizens of Texas, there exists complete diversity of citizenship between Plaintiff and Underwriters.   Removal is therefore appropriate on this basis.
>
> 12.  Plaintiff's live pleading, the Amended Petition, alleges damages in excess of $1,000,000.00, excluding interest and costs.
>
> 13.  Although Underwriters dispute liability and damages, it is evident from Plaintiff's Amended Petition that Plaintiff assets claims for monetary relief which, if granted, would exceed $75,000.00.   Therefore, based on Plaintiff's claims for damages, the amount in controversy requirement is satisfied.   All requirements are therefore met for removal under 28 U.S.C. §§ 1332 and 1441(b).[13]

---

[12](...continued)
Lines Insurance Company, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 6.

[13]Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 5-13.

On December 20, 2021, Plaintiff filed the pending Motion to Remand arguing that the court lacks subject matter jurisdiction because "Underwriters has not met its burden to prove that Fitzgerald and Ruscher were improperly joined in Macey's Original Petition,"[14] and because "diversity jurisdiction of the various entities of individuals within both syndicates has not been distinctly and affirmatively demonstrated by Underwriters."[15]

On January 10, 2022, Underwriters filed an Amended Notice of Removal identifying the policy period at issue,[16] and a response to Plaintiff's Motion to Remand asserting that "[d]iversity was not created by an involuntary dismissal after a § 542A.006 election; this action became removable due to Plaintiff's settlement and express release of its claims against all non-diverse defendants named in the lawsuit."[17]

On January 13, 2022, Underwriters filed a Supplemental Amended Notice of Removal stating in pertinent part that searches of underwriting member information for Lloyd's Syndicates 0318 and 1967 "revealed no individual member of the syndicate had a home address in the state of Texas and no corporate member was

---

[14]Plaintiff's Motion to Remand, Docket Entry No. 3, p. 3 ¶ 4.

[15]Id. ¶ 5.

[16]Docket Entry No. 7, p. 2 ¶ 11.

[17]Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1701771's Response and Brief in Opposition to Plaintiff's Motion to Remand ("Underwriters' Response"), Docket Entry No. 8, p. 1 ¶ 1.

-6-

incorporated in, or had its principle place of business located in, the state of Texas."[18]

On January, 18, 2022, Plaintiff filed a reply arguing that "the Agreed Notice of Nonsuit filed on November 12, 2021[,] did not make this case removeable under 28 U.S.C. § 1446(b)(3), as Underwriters argue."[19]

## II. __Standard of Review__

Motions for remand are governed by 28 U.S.C. § 1447(c), which states in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  On a motion to remand challenging subject matter jurisdiction, the defendant attempting to establish removal bears the burden of establishing jurisdiction. See Wilson v. Republic Iron & Steel Co., 42 S. Ct. 35, 37 (1921). See also Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").  Because removal jurisdiction raises significant federalism concerns, "[t]he removal statute is . . . strictly

---

[18]Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1701771's Supplemental Amended Notice of Removal ("Underwriters' Supplemental Amended Notice of Removal"), Docket Entry No. 11, p. 3 ¶ 13 (Syndicate 0318) and ¶ 14 (Syndicate 1967).

[19]Plaintiff's Reply to Defendant Underwriters' Response to Plaintiff's Motion to Remand ("Plaintiff's Reply"), Docket Entry No. 13, p. 2 ¶ 3.

construed, and any doubt about the propriety of removal must be resolved in favor of remand." <u>Gasch v. Hartford Accident & Indemnity Co.</u>, 491 F.3d 278, 281-82 (5th Cir. 2007).

## III. <u>Analysis</u>

Asserting that "the longstanding 'voluntary-involuntary rule' prevents a non-removable case on the initial pleadings from becoming removable, unless it becomes removable pursuant to a <u>voluntary</u> act of the plaintiff[,]"[20] Plaintiff argues that "Underwriters cannot rely on the diversity created by the <u>involuntary</u> dismissal of in-state adjusters, [Fitzgerald and Ruscher,] especially where the very same counsel that previously represented Starr acknowledged [Plaintiff]'s dismissal of the adjusters would not affect the removability of this matter."[21] Plaintiff argues that

> the Court lacks subject matter jurisdiction because Underwriters has not met its burden to prove that Fitzgerald and Ruscher were improperly joined in [Plaintiff]'s Original Petition. Indeed, Underwriters does not even appear to dispute that [Plaintiff]'s Original Petition alleged a litany of facts that state at least one plausible claim against Fitzgerald and Ruscher. Texas law clearly establishes that Fitzgerald and Ruscher were properly joined because of their alleged violations of the Texas Insurance Code.[22]

---

[20]Plaintiff's Motion to Remand, Docket Entry No. 3, p. 2 ¶ 3.

[21]<u>Id.</u> at 2-3 ¶ 3.

[22]<u>Id.</u> at 3 ¶ 4.

Plaintiff also argues that "diversity jurisdiction of the various entities of individuals within both syndicates has not been distinctly and affirmatively demonstrated by Underwriters."[23]

Underwriters respond that

[t]he Court should deny the motion to remand because Plaintiff's inability to recover from the released and dismissed former defendants renders the voluntary-involuntary rule inapplicable. Even if this rule applied, the settlement and release that created diversity in this case was a voluntary act by Plaintiff. Because Plaintiff's voluntary act resulted in the dismissal of all non-diverse defendants, complete diversity exists and there is no basis for remand.[24]

Underwriters also argue that "[t]o the extent Plaintiff's Motion to Remand alleges that [they] did not sufficiently allege diversity, Underwriters refers the court to its Amended Notice of Removal and Exhibit A thereto."[25]

For the reasons stated below the court concludes that the Settlement Agreement and Nonsuit of Starr in November of 2021 did not make that this action removable, and that even if the November 2021 Settlement Agreement and Nonsuit of Starr did make this action removable, Underwriters have failed to show that the requirements for establishing diversity jurisdiction are satisfied.

---

[23]Id. ¶ 5.

[24]Underwriters' Response, Docket Entry No. 8, p. 2 ¶ 2.

[25]Id. at 8 ¶ 21.

**A.    The Settlement Agreement and Nonsuit of Starr Did Not Make this Action Removable**

1.    Applicable Law

(a)    Removal

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." See Gasch, 491 F.3d at 281. Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  When original jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332, a defendant may remove only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) ("[A] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants.").  Nevertheless, when the case is not initially removable because of the presence of a non-diverse defendant, a defendant may remove the case within thirty days from ascertaining through other paper that the case has become removable, provided that it does so within one year from the commencement of the action if the basis of federal jurisdiction is § 1332.  28 U.S.C. § 1446(b)-(c).

(b)   Voluntary-Involuntary Rule

"[R]emovability under §§ 1441 and 1446 is subject to a judge-made exception: '[W]here the case is not removable because of joinder of defendants,' <u>only</u> 'the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant' can convert a nonremovable case into a removable one." <u>Hoyt v. Lane Construction Corp.</u>, 927 F.3d 287, 295 (5th Cir. 2019) (quoting <u>Great Northern Railway Co. v. Alexander,</u> 38 S. Ct. 237, 239 (1918)).   The "judicially-created voluntary-involuntary rule" provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." <u>Id.</u> (quoting <u>Crockett v. R.J. Reynolds Tobacco Co.,</u> 436 F.3d 529, 532 (5th Cir.), <u>cert. denied,</u> 126 S. Ct. 2945 (2006)).


(c)   Improper Joinder

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction based on diversity.   <u>Borden v. Allstate Insurance Co.,</u> 589 F.3d 168, 171 (5th Cir. 2009).   The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction.   <u>Smallwood v. Illinois Central Railroad Co.,</u> 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc), <u>cert. denied,</u> 125 S. Ct. 1825 (2005).   A removing party attempting to prove improper joinder carries a heavy burden. <u>Great Plains Trust</u>

Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002).   To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.   Gasch, 491 F.3d at 281 (citing Crockett, 44 F.3d at 532).  Underwriters have not argued actual fraud in the pleadings. Instead, Underwriters argue that following Plaintiff's voluntary nonsuit of Starr and the adjusters for whom Starr assumed liability, Plaintiff is unable to establish a cause of action against any non-diverse defendant.

(d)   Texas Insurance Code § 542A.006

Section 542A.006 of the Texas Insurance Code gives an insurance provider the option to assume legal responsibility for any acts or omissions of one of its agents.  The relevant portions of the statute state:

> (a) . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

> (b) If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

-12-

(c) If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

Texas Insurance Code § 542A.006(a)-(c).

"All courts seem to agree that an insurer's pre-filing election requires district courts to disregard a non-diverse agent joined as a defendant." Kessler v. Allstate Fire and Casualty Insurance Co., 541 F. Supp. 3d 718, 726 (N.D. Tex. 2021) (citations omitted). See also Shenavari v. Allstate Vehicle and Property Insurance Co., 448 F.Supp.3d 667, 671 & n. 2 (S.D. Tex. 2020) ("Courts agree that when an insurer makes its election before an insured files suit in state court, then a dismissal under § 542A.006 is tantamount to a finding of improper joinder if a plaintiff-insured attempts to add the non-diverse adjuster to an action."). "Whether a § 542A.006 election that is made after an insured files suit in state court but before the action is removed renders a non-diverse agent an improper party has not been addressed by the Fifth Circuit." Shenavari, 448 F.Supp.3d at 670-71. "[I]f the insurer's election occurs post-filing, there are two lines of cases." Kessler, 541 F.Supp.3d at 727.

One line of cases holds that "a § 542[A].006 election made after a lawsuit commences but before removal renders the in-state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any

recovery against the adjuster." Id. at 727 (quoting Ramirez v. Allstate Vehicle and Property Insurance Co., 490 F. Supp.3d 1092, 1103 (S.D. Tex. 2020)). This line of cases focuses on the possibility of recovery from the non-diverse adjuster at the time of removal and after election of liability instead of at the time of filing. Kessler, 541 F.Supp.3d at 721. Because there is no possibility a plaintiff will recover against the non-diverse defendant in state court following an insurer's post-suit election under § 542A.006, Ramirez found improper joinder and denied the plaintiff's motions to remand. 490 F.Supp.3d at 1098-1114.

Another line of cases holds that "the timing of an insurer's election is critical to a court's improper joinder inquiry . . . [If the] election is made after an insured commences an action, a diverse defendant-insurer cannot rely solely on the fact that the insured is now prohibited from recovering against the non-diverse adjuster." Id. at 727 (quoting Stephens v. Insurance Co. of Indiana, No. 4:18-CV-595, 2019 WL 109395, at *6-*7 (E.D. Tex. January 4, 2019)). This line of cases focuses on whether the parties were improperly joined at the time of joinder, and holds that an insurer's § 542A.006 election after a lawsuit has commenced does not by itself establish improper joinder. See Shenavari, 448 F.Supp.3d at 671. Even though there is no possibility a plaintiff will recover against the non-diverse defendant in state court following an insurer's post-suit election, courts following this

-14-

line of cases have declined to find improper joinder and granted motions to remand.  See Kessler, 541 F.Supp.3d at 727.  See also Scout 5 Properties, LLC v. Acadia Insurance Co., Civil Action No. 2:21-CV-00231-JRG-RSP, 2021 WL 5051564 (E.D. Tex. October 31, 2021).  The court agrees with the reasoning of these cases.

2.   Application of the Law to the Facts

This case was initially not removable because defendants Fitzgerald and Ruscher are Texas citizens and forum defendants under 28 U.S.C. § 1441(b).  Following Starr's acceptance of liability as to Fitzgerald and Ruscher pursuant to § 542A.006 of the Texas Insurance Code, Plaintiff filed a notice of nonsuit dismissing all its claims against Fitzgerald and Ruscher on July 1, 2021.  The parties agree that the July 2021 dismissal of Fitzgerald and Ruscher did not make this case removable at that time, but disagree as to the reasons why.  Underwriters argue that dismissal of the Adjusters did not create diversity because Starr is a citizen of Texas;[26] while Plaintiff, relying on the Stephens, 2019 WL 109395, at *6-*7, line of cases, argues that the case remained nonremovable because Plaintiff's nonsuit of the adjusters was involuntarily.[27]

_____

[26]Underwriters' Response, Docket Entry No. 8, pp. 5-8 ¶¶ 12-20.

[27]Plaintiff's Reply, Docket Entry No. 13, pp. 2-3 ¶ 3.

-15-

On November 12, 2021, Plaintiff filed a second notice of nonsuit in state court dismissing all its claims against Starr.[28] Less than thirty days later on December 2, 2021, Underwriters filed the Notice of Removal in which they assert that the November 12, 2021, notice of nonsuit left them as the only remaining defendant in this action,[29] and that removal is proper because there exists complete diversity of citizenship between Plaintiff and Defendants, and because Plaintiff's Amended Petition asserts claims for monetary relief which, if granted, would exceed $75,000.00.[30]

In response to Plaintiff's Motion to Remand, Underwriters argue that "[t]his action became removable when Plaintiff settled, released, and dismissed all its claims against all non-diverse defendants — i.e., Starr and both Adjusters."[31]   Although Underwriters argue that Starr is a citizen of Texas,[32] Underwriters' fail to cite any evidence or authority in support of their argument that Starr is a citizen of Texas.   Moreover, Underwriters'

---

[28]Notice of Agreed Non-Suit with Prejudice as to Starr Surplus Lines Insurance Company, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 6.

[29]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 5.

[30]Id. at 2-3 ¶¶ 7-12.   Underwriters fail to explain — and the court is unable to discern from the record — how the case was resolved as to the other insurance company defendants added by Plaintiff's First Amended Petition, i.e., Chubb and GISCA.

[31]Underwriters' Response, Docket Entry No. 8, p. 6 ¶ 17.

[32]Id. at 5-8 ¶¶ 12-20.

assertion that Starr is a citizen of Texas contradicts Plaintiff's allegations that Starr is a foreign insurance company.[33]  Because Underwriters have not presented any facts or evidence that contradict Plaintiff's allegations that Starr is a foreign insurance company, the court relies on Plaintiff's allegations and concludes that Starr's citizenship is diverse from Plaintiff's. Because the court concludes that Starr's citizenship is diverse from Plaintiff's, Plaintiff's settlement with and nonsuit of Starr did not dismiss Plaintiff's claims against all non-diverse defendants as Underwriters argue.  Accordingly, the court concludes that Underwriters' removal of this action was untimely because neither Plaintiff's Settlement Agreement with Starr nor the Notice of Non-Suit against Starr signed by the state court on November 14, 2021, were an "other paper" that made this action removable under 28 U.S.C. § 1446(c).

**B.   Underwriters Have Not Established Diversity Jurisdiction**

On December 17, 2021, the court issued an Order for Conference and Disclosure of Interested Parties (Docket Entry No. 2), stating in pertinent part:

---

[33]See Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 2 ¶ 3 (stating that "Defendant Starr is a foreign surplus lines insurance company engaged in the business of insurance in Texas"), and Plaintiff's First Amended Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 35 ¶ 3 (stating that "Defendant Starr is a foreign surplus lines insurance company engaged in the business of insurance in Texas").

**NOTICE TO . . . REMOVING DEFENDANTS IN CASES BASED ON DIVERSITY JURISDICTION:** Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. The citizenship of limited liability companies is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F3d 386, 397-98 (5th Cir. 2009). If the . . . Notice of Removal filed in this action does not show the citizenship of limited liability entities, the . . . removing defendant is **ORDERED** to file . . . an Amended Notice of Removal within twenty days from the entry of this order. The failure of . . . a removing defendant to file an Amended Notice of Removal alleging facts establishing complete diversity of citizenship in an action . . . removed under 28 U.S.C. § 1332 may result in . . . remand of this action by the court on its own initiative without further notice.[34]

1.   Applicable Law

Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed."  Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012).

---

[34]Docket Entry No. 2, p. 1 ¶ 3.

See also A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)).  The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001).  Underwriters, as the party asserting federal jurisdiction, bear the burden to demonstrate complete diversity.  See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 116 S. Ct. 180 (1995).

A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The citizenship of individuals is based on domicile, i.e., where an individual resides and intends to remain.  Acridge v. Evangelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir. 2003).  See also Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793 799 (5th Cir. 2007) (recognizing residence in a state is not sufficient to establish citizenship). "The citizenship of a L[imited] L[iability] C[ompany] is determined by the citizenship of all of its members."  Harvey, 542 F.3d at 1080.  See also Carden v. Arkoma Associates,

-19-

110 S. Ct. 1015, 1021 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members[.]'") (citations omitted).

Because the unique manner in which Lloyd's policies are issued and underwritten is critical to this case and partly responsible for the court's resolution of Plaintiff's Motion to Remand, a primer of the Lloyd's system provided by the Fifth Circuit is helpful:

> Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. . . The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. . . Thus, a policyholder insures <u>at</u> Lloyd's but not <u>with</u> Lloyd's. . .
>
> The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. . . Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment . . . Each name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. . . Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.
>
> Most Names or investors do not actively participate in the insurance market on a day to day basis. . . Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates." . . In order to increase the efficiency of underwriting

risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. . . A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage proved by a policy. . . The Syndicates themselves have been said to have no independent legal identity. . . Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.

. . .

. . . The Lloyd's corporate entity maintains records on the identity and last known residence of Names insuring risk in the Lloyd's market. That information is kept strictly confidential.

In sum, while an insured receives a Lloyd's "policy" of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk. The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume. . .

Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857–59 (5th Cir. 2003), cert. denied, 124 S. Ct. 2421 (2004) (citations and footnotes omitted). Because in Corfield the Fifth Circuit determined that with respect to entities like Lloyd's that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," id., the citizenship of each Name must be diverse when the syndicate as a whole is sued. See Park 10 Hospitality, LLC v. Certain Underwriters at Lloyd's London, Civil Action No. 4:19-CV-05013, 2020 WL 5554225, * 1 (S.D. Tex. September 16, 2020).

2.    <u>Application of the Law to the Facts</u>

As evidence that complete diversity exists in this case, Underwriters have submitted Declaration of Gemma Jeffries, the Claims Property Adjuster, for Syndicate 318 on Policy Number PG1701771 issued to Plaintiff for the period February 1, 2017 to February 1, 2018,[35] stating:

> 3.    A search of the syndicates and underwriting member information for Lloyd's Syndicate 0318 for the 2017 year was carried out on my behalf as Claims Property Adjuster. I was provided with the following information, and I am therefore able to make this Declaration.
>
> 4.    The search revealed that there were no individual members of Lloyd's Syndicate 0318 with a home address in the state of Texas.
>
> 5.    The search also revealed that there were no corporate members of Lloyd's Syndicate 0318 that were incorporated in, or had their principal place of business located in, the state of Texas.[36]

Underwriters have also submitted the Declaration of Daniel Trenkel, the Claims Management Practice Lead for W.R. Berkley Syndicate 1967, a subscribing syndicate to Policy No. PG1701771 issued to Plaintiff for the policy period February 1, 2017, to February 1, 2018,[37] stating:

---

[35]Declaration of Gemma Jeffries, Exhibit A to Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1701771's Supplemental Amended Notice of Removal, Docket Entry No. 11-1, p. 1 ¶ 2.

[36]<u>Id.</u> ¶¶ 3-5.

[37]Declaration of Daniel Trenkel, Exhibit B to Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy
(continued...)

3.   A search of the syndicates and underwriting member information for Lloyd's Syndicate 1967 for the 2017 year was carried out on my behalf as Claims Management Practice Lead. I was provided with the following information, and I am therefore able to make this Declaration.

4.   The search revealed that there were no individual members of Lloyd's Syndicate 1967 with a home address in the state of Texas.

5.   The search also revealed that there were no corporate members of Lloyd's Syndicate 1967 that were incorporated in, or had their principal place of business located in, the state of Texas.[38]

Because neither the Jeffries declaration nor the Trenkel declaration state whether the corporate Names are traditional corporations or limited liability corporations, and do not identify the corporations' states of citizenship, the court is not persuaded that the declarations are sufficient to establish complete diversity of citizenship. See Park 10 Hospitality, 2020 WL 5554225, * 1 (ordering Underwriters to file affidavits showing the citizenship and risk participating of each Name subscribing to the policies at issue). See also Certain Underwriters at Lloyd's, London v. Gailes, Civil Action No. 4:16-cv-77-DMB-JMV, 2016 WL 3033741, * 2 (N.D. Miss. May 26, 2016) (rejecting contention that reliance on affidavits stating that a search conducted by the lead underwriter "revealed no residents of Mississippi in any

---

[37](...continued)
No. PG1701771's Supplemental Amended Notice of Removal, Docket Entry No. 11-2, p. 1 ¶ 2.

[38]Id. ¶¶ 3-5.

underwriting syndicate associated with this policy" adequately established diversity jurisdiction).  Moreover, because the Order for Conference dated December 17, 2021, warned Underwriters, as removing defendants, that the failure to file a Notice of Removal or an Amended Notice of Removal alleging facts establishing complete diversity may result in remand, and because despite having filed three instruments purporting to allege facts establishing complete diversity of citizenship,[39] Underwriters have not alleged facts establishing complete diversity, the court concludes that this action should be remanded for lack of subject matter jurisdiction.

## IV.  **Conclusions and Order of Remand**

For the reasons stated in § III.A, above, the court concludes that Underwriters' removal of this action was untimely because neither Plaintiff's Settlement Agreement with Starr nor the Notice of Non-Suit against Starr signed by the state court on November 14, 2021, were an "other paper" that made this action removable under 28 U.S.C. § 1446(c).

For the reasons stated in § III.B, above, the court concludes that Underwriters' have failed to allege facts establishing diversity jurisdiction.

---

[39]See Docket Entry No. 1 (Notice of Removal); Docket Entry No. 7 (Underwriters' Amended Notice of Removal); and Docket Entry No. 11 (Underwriters' Supplemental Amended Notice of Removal).

Accordingly, for the reasons stated in § III.A and III.B, above, the court concludes that this action should be remanded to the 127th Judicial District Court for Harris County, Texas, for lack of subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand, Docket Entry No. 3, is **GRANTED**.

This action is **REMANDED** to the 127th Judicial District Court of Harris County, Texas.

The Clerk of the Court will provide a copy of this Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 23th day of February, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-25-